IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| William T. Wallace, Jr., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1: 13cv319 (TSE/IDD) |
| ) | |
| Desiree Watford-Brown, ) | |
|     Defendant. ) | |

MEMORANDUM OPINION

William T. Wallace, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, arising out of an incident that took place on June 23, 2011 at Sussex I State Prison. Plaintiff claims that Inmate Hearings Officer Ms. Brown violated his Fourteenth Amendment right to due process by denying him documentary evidence for his hearing and by failing to respond to his grievances in a timely manner. Defendant Ms. Brown has filed a Motion for Summary Judgment, a memorandum of law, and an affidavit to support her motion. Dkt. Nos. 35, 36. Plaintiff received the Notice required by Local Rule 7(K) and the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has not filed a response. For the reasons that follow, defendant's Motion for Summary Judgment must be granted.

I. Undisputed Factual Background

On June 23, 2011, subsequent to an incident in the laundry room at Sussex I State Prison, Correctional Officer Steffey charged inmate William Wallace with disciplinary offense code 129, "Gathering around/approaching any person in threatening/intimidating manner." See Compl. (Dkt. No. 1, Exhibit 1). Virginia Department of Corrections Operating Procedure ("OP") 861.1 governed offender disciplinary hearings when Wallace received this charge. Pursuant to OP

861.1, Wallace received a copy of the Disciplinary Offense Report on June 23, 2011 for the charge issued by Officer Steffey, and Wallace subsequently noted that he would request documentary evidence and witnesses for his Disciplinary Hearing. See Compl. (Dkt. No. 1, Exhibit 2). At all times relevant to this civil action, defendant Ms. Brown was the Inmate Hearings Officer at Sussex I State Prison and was responsible for making decisions related to plaintiff Wallace's disciplinary hearing. Dkt. No. 36, Exhibit 1.

On June 24, 2011, Wallace submitted two witness request forms calling for Correctional Officer R.R. Ford and offender J. Fields to provide statements on his behalf. These requests were approved and statements were obtained. Compl. [Dkt. No. 1, Exhibits 2(c), 2(f)]. On June 27, 2011, Wallace submitted two additional witness request forms requesting that offenders Mike Ricjole and Sadat Abdullah provide statements on his behalf. These requests were also approved and statements were obtained. Compl. [Dkt. No. 1, Exhibits 2(d), 2(e)]. On June 29, 2011, Wallace submitted a fifth witness request form requesting that offender C. Summerville provide a statement on his behalf. This request was denied because it was not received within the 48-hour time limit. Compl. [Dkt. No. 1, Exhibit 2(b)]. Additionally, Wallace submitted a request for documentary evidence, specifically rapid eye movement surveillance video from the laundry room. See Compl. [Dkt. No. 1, Exhibit 2(i)]. His request was denied "due to being from an outside source, restricted for security reasons, information is not written documentation, or is otherwise restricted to the offender." Compl. [Dkt. No. 1, Exhibit 2(j)].

Wallace received notice that his disciplinary hearing was being postponed on June 30, 2011. See Compl. [Dkt. No. 1, Exhibit 2(g)]. His hearing took place on July 7, 2011, within 30 days of his original receipt of his disciplinary offense report. On July 7, 2011, Ms. Brown conducted Wallace's disciplinary hearing. Wallace had previously submitted a Reporting Officer

Response Form presenting Officer Steffey with questions, but rather than answering those questions in writing, Officer Steffey testified at the disciplinary hearing on July 7, 2011. Compl. [Dkt. No. 1, Exhibit 2(h)]. At the hearing, Ms. Brown found Wallace guilty of the charge issued by Officer Steffey and penalized Wallace with 14 days in isolation. She did not penalize Wallace with the loss of good time credits. Compl. [Dkt. No. 1, Exhibit 2(i)].

Institutional review is conducted of all disciplinary hearings to ensure proper procedures and penalties. In this case Assistant Warden J.A. Woodson approved Ms. Brown's guilty finding on July 11, 2011. Affidavit of Desiree Watford-Brown, ¶ 11. Plaintiff received a copy of the Offense Report, as well as the hearing and review attachments.

Plaintiff originally appealed the guilty decision on July 25, 2011 and now complains that the response to his appeal was not timely. This original appeal was returned to plaintiff because it was incomplete, and the Warden received plaintiff's corrected appeal on September 20, 2012. The Warden responded to his appeal on October 19, 2012, determining that plaintiff's conviction should be upheld. Affidavit of Desiree Watford-Brown, ¶ 12. The Regional Administrator, Wendy S. Hobbs, also wrote plaintiff Wallace a letter dated January 23, 2013 that upheld his charge and explained her decision. See Dkt. No. 36, Attachment C.

Plaintiff asserts that denial of documentary evidence and failure to respond in a timely manner constituted a Fourteenth Amendment violation of his due process rights. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

## II. Procedural History

Plaintiff initially sought to hold Wendy S. Hobbs, Regional Administrator of the State of Virginia, Eddie Pearson, the warden of Sussex I State Prison, and Desiree Watford-Brown, a correctional officer at Sussex I State Prison who conducted plaintiff's hearing, liable for violation

of his Fourteenth Amendment due process rights. On August 22, 2013 this Court dismissed Eddie Pearson and Wendy S. Hobbs pursuant to 28 U.S.C. § 1915(b)(1) for failure to state a claim for which relief can be granted. Dkt. No. 6.

### III. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment as a matter of law is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to point out the specific facts that create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must present some evidence, other than its initial pleadings, to show that there is more than just a "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Celotex, 477 U.S. at 324 (quoting Rule 56(e) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by [other evidence] designate 'specific facts showing that there is a genuine issue for trial.'"). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts

4

which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Therefore, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita Elec. Indus. Co.,475 U.S. at 587.

## IV. Analysis

Summary judgment in favor of defendant Brown is appropriate because the pleadings, affidavits, and exhibits on file demonstrate that she did not violate the defendant's due process rights. There are no disputes over material facts, and plaintiff did not point out specific facts that create disputed factual issues.

### A. Ms. Brown Did Not Violate Wallace's Fourteenth Amendment Due Process Rights

It is undisputed that, despite plaintiff's allegations to the contrary, Ms. Brown did not violate plaintiff's due process rights. The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving an individual of life, liberty, or property without due process of law. A prisoner's liberty interest is generally limited to being free from conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). Prison disciplinary decisions that impose additional hardship and restrict freedom for a prisoner may not be arbitrary and must have some "some basis in fact." Superintendent v. Hill, 472 U.S. 445, 456 (1985). So long as any evidence exists to support a charge and it is reasonable for a disciplinary hearing officer to determine whether a

prisoner is "guilty," the prisoner's right to due process has been satisfied. Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir. 1994).

In prison disciplinary proceedings, a prisoner generally is not entitled to the same Due Process rights as a defendant in a criminal trial. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Unlike criminal defendants, a prisoner's rights are limited to receiving advance notice of the charges against him and to receiving written findings of the hearing outcome. Id. at 561-68. A prisoner may also call witnesses on his behalf and present documentary evidence; however, a prisoner constitutionally may lose this opportunity if it compromises institutional safety and correctional goals. Id., see also Brown v. Braxton, 373 F.3d 501, 504 (4th Cir. 2004).

In this case, rejection of plaintiff's June 29, 2011 witness request did not constitute a violation of his Due Process rights. Plaintiff received a copy of the Disciplinary Offense Report on June 23, 2011, which reflected the charge against him and the explanation for that charge. On Friday, June 24, 2011, the jail received two witness request forms from plaintiff. The following Monday, June 27, 2011, the jail received two more witness request forms from plaintiff. OP 861.1 requires offenders to submit a Witness Request Form for each requested witness to the Independent Hearing Officer with 48 hours from the time when the disciplinary offense report was served on the offender. Dkt. No. 36. Because the jail received these four witness request forms from plaintiff within 48 hours (tolled by the weekend days) of the date of plaintiff's receipt of his Disciplinary Offense Report (Thursday, June 23, 2011), his requests were properly granted and statements were obtained from the requested witnesses. However, plaintiff's fifth witness request form was not received until Wednesday, June 29, 2011, long after the 48-hour window since receiving the Disciplinary Offense Report had expired. Thus, in total the jail received five Witness Request Forms from plaintiff, and four of those were granted because they were timely

filed. The fifth Witness Request Form was properly denied due to plaintiff's delay in filing pursuant to OP 861.1.

Ms. Brown's denial of plaintiff's request to obtain rapid eye video did not constitute a Due Process violation because this type of surveillance footage is clearly outside the definition of "documentary evidence" to which plaintiff is entitled. The VDOC Operation Procedure defines "documentary evidence" as: "Written information relevant to the *Disciplinary Offense Report*, which is in the possession of the facility." VDOC Operating Procedure explains that "[t]he information requested [by the inmate] should only be that which is normally accessible to the offender. The request of documentary evidence cannot be used to request documents or items that offenders are not permitted to possess." See Affidavit of Desiree Watford-Brown, ¶ 8 (quoting OP 861.1, III). Accordingly, rapid eye movement surveillance video does not constitute "documentary evidence" to which plaintiff is permitted to access or to use in his defense, and Ms. Brown properly denied plaintiff's request.

Plaintiff's Disciplinary Hearing satisfied his Due Process rights. The hearing was conducted 14 days after the Disciplinary Offense Report was served on him, well within the 30-day limit prescribed by OP 861.1. Plaintiff and Officer Steffey attended and testified at his disciplinary hearing. Since Officer Steffey did not formulate written responses to plaintiff's questions, Plaintiff was given the opportunity to question Officer Steffey at the hearing. Plaintiff received a copy of Ms. Brown's written decision finding him guilty of the disciplinary charge and providing him reasons for her finding, which were based on evidence presented at the hearing.

Accordingly, plaintiff received all due process to which he was entitled. There is no dispute over the material facts, and Ms. Brown's Motion for Summary Judgment must therefore be granted.

## B. Defendant is Afforded Immunity and Cannot be Found Liable

Because the Court has made a determination on the merits of plaintiff's claims, a discussion as to defendant's immunity argument is not necessary.

## VI. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment must be granted. An appropriate Judgment and Order shall issue.

Entered this 5th day of October 2015.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

8